IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01058-BNB

JULIAN K. GARCIA,

    Applicant,

v.

STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2009

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, Julian K. Garcia, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Garcia initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County District Court case number 05CR1356. He has paid the $5.00 filing fee for a habeas corpus action.

On May 11, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 21, 2009, Respondents filed their pre-answer response. On June 5, 2009, Applicant filed a reply.

The Court must construe liberally Mr. Garcia's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application.

Mr. Garcia was convicted by a jury in El Paso County District Court case number 05CR1356 on charges of second-degree kidnapping, sexual assault, and aggravated motor vehicle theft (using a stolen vehicle during the commission of another crime). The trial court subsequently adjudicated him as an habitual criminal and sentenced him to an indeterminate term of thirty-six years to life for the sexual assault, a consecutive seventy-two years for the second-degree kidnapping, and eighteen years for car theft, to be served concurrently with the seventy-two-year term for kidnapping.

On December 6, 2007, the Colorado Court of Appeals affirmed on direct appeal. *See People v. Garcia*, No. 05CA1356 (Colo. Ct. App. Dec. 6, 2007) (not published). On May 12, 2008, the Colorado Supreme Court denied certiorari review.

On May 6, 2009, Mr. Garcia submitted the instant application to this Court. Respondents concede that the instant action is filed in a timely manner, i.e., within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period.

Mr. Garcia asserts two claims. As his first claim, he asserts that "they" failed to introduce a strand of hair found on a blue bandana he used to blindfold the victim. Application at 5. He contends that this hair was his, not the victim's. He argues that DNA testing would have proven this fact, and maintains that proof that the hair was

his would have established that he was "telling the truth." *Id.* However, he alleges that neither party introduced this evidence at trial. Mr. Garcia contends that he is "working on [a] 35C" as to this claim. *Id.*

As his second claim, he contends that his ex-fiancée, who reported as stolen the car he used to kidnap the victim, lied on the stand. He specifically states that on direct examination, the witness said that she saw him driving her car with a passenger on the night of the offenses, but could not tell whether his passenger was male or female. On cross-examination, however, she admitted telling another person that night that his passenger was a female. He apparently suggests that his convictions make him out to be a liar, while his ex-fiancée suffered no penalty for lying.

Mr. Garcia failed to raise either of his asserted claims as a federal constitutional claim in the state courts. He even concedes this failure in the habeas corpus application. *See* application at 5. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly

"to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Because Mr. Garcia failed to present either of his asserted claims as a federal constitutional claim in the state courts, the application will be denied and the action dismissed without prejudice for failure to exhaust state remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 15 day of July, 2009.

BY THE COURT:

*signature*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01058-BNB

Julian K. Garcia
Prisoner No. 101088
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 4-C
Crowley, CO 81034

John Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/15/09

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk